UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TATLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>FONTANA POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 16-cv-2556-PJH<br><br>**ORDER GRANTING IFP REQUEST, DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER, AND DISMISSING COMPLAINT** |

On May 11, 2016, plaintiff James Tatlis ("plaintiff") filed a complaint against the Fontana Police Department, John Does 1-50, the San Francisco Police Department, and John Does 1-10. Plaintiff also filed an application to proceed in forma pauperis, and a request for a temporary restraining order.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." The court finds that plaintiff does meet the financial requirement of section 1915, therefore his application to proceed in forma pauperis is GRANTED.

However, in reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The court finds that plaintiff's complaint does not adequately state a claim on which relief may be granted, and therefore dismisses the complaint with leave to amend.

1    Plaintiff's complaint is titled "complaint for civil rights violations under the color of
2 authority, acts of terror, rights against unlawful surveillance, search and seizure, rights to
3 privacy under the 4th, 6th, 10th, and 14th amendments to the United States Constitution,
4 et seq."  The complaint does not assert any specific causes of action, but rather consists
5 of a narrative regarding the surveillance and harassment to which plaintiff was allegedly
6 subjected.  For instance, plaintiff alleges that, while driving on the Interstate 5 freeway,
7 several vehicles "began pursuing" him "in a very aggressive manner," "terrorizing him and
8 forcing him off the road."  Plaintiff further alleges that he had "solid metal debris" thrown
9 at him from people in those vehicles, which "put a hole in the front windshield."  Plaintiff
10 also alleges that he has been subject to "constant surveillance, whether on foot or driving
11 his vehicle, outside his hotel room," or anywhere else.
12    As mentioned above, the complaint does not set forth any specific causes of
13 action, though it does state that "[p]laintiff maintains these actions violate his
14 constitutional rights to be free from government oppression, and government intrusion
15 into his private life, and to unreasonable search and seizure of his private life, his vehicle,
16 his property, with fear, terror and intimidation, rising to a cause of action."  Plaintiff also
17 alleges that he believes he is being subjected to this conduct "based on the fact that the
18 plaintiff is a convicted sex offender," which places him "in a 'non-citizen' type of status" in
19 the view of law enforcement.
20    Plaintiff's request for a temporary restraining order asks for the following relief:
21 "for defendants, their agents, to cease and desist all harassment, terrorizing and
22 following, surveilling petitioner with the intent to cause a serious accident and intent to
23 cause fear and terror, to cease and desist all unlawful searches, and seizures, and all
24 unlawful surveillance, including any GPS, wiretaps, any audio and video surveillance,
25 meant solely to cause fear, terror, and harassment under the guise of the color of
26 authority, as these unlawful types of surveillance violates plaintiff's right to privacy and
27 pursuit of happiness."
28    Requests for temporary restraining orders are governed by the same general

standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

Alternatively, the plaintiff may demonstrate that "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052 (9th Cir. 2010) (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)), "so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest," id. at 1053.

"Serious questions" are those which are "substantial, difficult, and doubtful, as to make them fair ground for litigation and thus for more deliberative investigation."  Senate of State of Cal. v. Mosbacher, 968 F.2d 974, 977-78 (9th Cir. 1992) (citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir.1991)); Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988) ("'serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo"). Although the serious questions posed by the movant "need not promise a certainty of success, nor even a probability of success," he or she must nevertheless demonstrate a "fair chance of success" on the merits.  Gilder, 936 F.2d at 422; see also Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

Winter, 129 S.Ct. at 376, 381.

Overall, the fact that the complaint does not identify any recognizable causes of action requires both dismissal of the complaint and denial of the TRO request.  Without any asserted causes of action, the court cannot discern from plaintiff's complaint the legal theories under which plaintiff seeks relief.  Accordingly, the court cannot find that plaintiff has established a likelihood of success on the merits of his claims, and his request for a temporary restraining order is DENIED.  The court also finds that plaintiff's complaint fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e), and thus, it is DISMISSED.

Although the court is of the opinion that re-pleading will not resolve the deficiencies in the complaint, the court will nonetheless allow plaintiff an opportunity to file an amended complaint.  For that amended complaint to be successful, plaintiff must specify the number of defendants being sued and identify each defendant by official name; must allege separate causes of action; must state a constitutional or statutory basis for each cause of action; and must allege facts showing each defendant's personal involvement in the wrongful act alleged in each cause of action.

Any amended complaint must be filed no later than **June 10, 2016**.

**IT IS SO ORDERED.**

Dated:  May 13, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge